UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM JORDAN | CIVIL ACTION |
| VERSUS | NO. 14-377 |
| ARIES MARINE CORPORATION ET AL. | SECTION "F"(2) |

## ORDER AND REASONS ON MOTION

This is a garden variety personal injury case. The motion of Intervenor, Fab-Con, Inc., to Quash Subpoena Duces Tecum in Part or, Alternatively, for Protective Order, Record Doc. No. 23, is pending before me. Plaintiff has filed a timely opposition memorandum. Record Doc. No. 28. Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows.

Specifically, Fab-Con objects to three production requests contained in the subpoena as follows:

> Subpoena Request No. 1 seeks confidential and proprietary information and information generated in anticipation of litigation, . . . including confidential investigative reports created in anticipation of litigation. . . .
> Subpoena Request No. 8 seeks information or documents that contain or constitute trade secrets, proprietary information, or other confidential business information. Fab-Con has expended a considerable amount of time creating and updating its safety manual and safety training and procedures. This information is not public, but is a product of Fab-Con's knowledge, experience and internal procedures that are privileged, proprietary information.
> Subpoena Request No. 18 seeks information generated in anticipat[ion] of litigation. . . . [and is] overly broad including, without

>limitation, as to subject matter and/or time period and requests information that is subject to attorney/client privilege and/or the work product doctrine.

Record Doc. No. 23-1 at pp. 2-3.

Subpoenas duces tecum "'are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.'" Garvin v. S. States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (quoting In re Application of Time, Inc., 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); see Nicholas v. Wyndham Int'l, Inc., No. 2001/147-M/R, 2003 WL 23198847, at *1-2 (D.V.I. Oct. 1, 2003) (the "clear majority position [is] that use of Rule 45 subpoenas constitutes discovery and is thus governed by the temporal restraints of the previous case Scheduling Orders"); Mortg. Info. Servs. v. Kitchens, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002) ("a Rule 45 subpoena does in fact constitute discovery"); Martin v. Oakland County, No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008); Fabery v. Mid-S. Ob-GYN, No. 06-2136, 2000 WL 35641544, at *1 (W.D. Tenn. May 15, 2000).

Like Fed. R. Civ. P. 26(c)(1)(G), Rule 45 provides in pertinent part: "To protect a person subject to or affected by a subpoena, the court . . . may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; . . ." Fed. R. Civ. P. 45(d)(3)(B) (emphasis added). Like its counterpart, Fed. R. Civ. P. 26(b)(5)(A), Rule 45 also

2

requires that "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material <u>must</u>: (i) expressly make the claim; <u>and</u> [provide a privilege log] that (ii) describe[s] the nature of the withheld documents, communications, or tangible things in manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2).

Fed. R. Civ. P. 26(c)(1) governs motions for protective orders and requires the moving party to show "good cause" to support the motion. This requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and <u>specific demonstration of fact</u> as distinguished from stereotyped and conclusory statements.'" <u>In re Terra Int'l, Inc.</u>, 134 F.3d 302, 306 (5th Cir. 1998) (quoting <u>United States v. Garrett</u>, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)(emphasis added)); <u>see also</u> <u>United States v. Talco Contractors, Inc.</u>, 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

When privilege or work product objections are the basis for failure to provide requested discovery, the objecting party may prevail only if it both properly asserts its objections and substantiates its claims.

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, <u>the proponent must substantiate all actual assertions</u> about the claim. This is usually done through <u>supporting affidavits from individuals with personal knowledge of</u>

> the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . . To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

P. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Cooperative 1993) (emphasis added).

Proper assertion requires provision of a privilege log. When a party has failed to provide a privilege log, courts have found that all assertions of privilege or other protections against the requested discovery have been waived. E.g., Burlington N. & Santa Fe Ry. v. U.S. Dist. Court, 408 F.3d 1142, 1149-50 (9th Cir. 2005); Pensacola Firefighters' Relief Pension Fund v. Merrill Lynch Pierce Fenner & Smith, Inc., 265 F.R.D. 589, 592-94 & n.1 (N.D. Fla. 2010); Lee v. State Farm Mut. Auto. Ins. Co., 249 F.R.D. 662, 683 (D. Colo. 2008); Lugosch v. Congel, 219 F.R.D. 220, 239 (N.D.N.Y. 2003); Nagele v. Elec. Data Sys. Corp., 193 F.R.D. 94, 108 (W.D.N.Y. 2000); Bordonaro v. Union Carbide Corp., No. 93-3355, 1995 WL 234545, at *2 (E.D. La. Apr. 20, 1995); Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 589, 594 (W.D.N.Y. 1996); Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996); see also Haid v. Wal-Mart Stores, Inc., No. 99-4186-RDR, 2001 WL 964102, at *2 (D. Kan. June 25, 2001) ("As plainly indicated by Rule 26(b)(5), the question whether materials

are privileged is for the court, not the [party asserting the privilege], to decide, and the court has a right to insist on being presented with sufficient information to make that decision."). However, although "'[f]ailure to timely produce a privilege log or the production of an inadequate privilege log may constitute a waiver of any asserted privileges,' . . . the waiver of a privilege may only extend to those cases in which the offending party committed unjustified delay, inexcusable conduct, or bad faith in responding to discovery." Clay v. Consol Pa. Coal Co., No. 5:12CV92, 2013 WL 5133065, at *2 (N.D. W. Va. Sept. 13, 2013) (quoting Herbalife Int'l v. St. Paul Fire & Marine Ins. Co., No. 5:05CV41, 2006 WL 2715164, at *4 (N.D. W. Va. Sept. 22, 2006) (citing Atteberry v. Longmont United Hosp., 221 F.R.D. 644, 649 (D. Colo. 2004)).

Proper substantiation of privilege or work product objections imposes an evidentiary burden, and the party asserting such objections must prove that each document it has withheld was privileged or prepared in anticipation of litigation or for trial. The party resisting discovery by asserting any privilege bears the burden of proof sufficient to substantiate its privilege claim and cannot rely merely on a blanket assertion of privilege. In re Equal Emp't Opportunity Comm'n, 207 F. App'x 426, 431 (5th Cir. 2006); Woodard v. Andrus, No. 2:03-2098, 2008 WL 2540600, at *3 (W.D. La. June 20, 2008) (citing High Tech Commc'ns, Inc. v. Panasonic Co., No. 94-1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (citing Hodges, Grant & Kaufman v. United States,

768 F.2d 719, 721 (5th Cir. 1985); In re Shell Oil Ref., 812 F. Supp. 658, 661 (E.D. La. 1993)).

Applying the foregoing standards, I find that Fab-Con has failed in this motion properly to assert its privilege and work product objections, because it has failed to submit a privilege log.  It also has failed to sustain its burden of proof as to any privilege or work product objection or to make any "specific demonstration of fact."  A lawyer's argument, which is all that Fab-Con has offered, is not evidence and is insufficient as a matter of proof to establish fact.  No evidence of any kind has been provided in support of this motion.  However, I cannot conclude on this record that Fab-Con has acted with the kind of bad faith or dilatory motive necessary to find waiver of these important objections.  Accordingly, its specific objections are addressed as follows.

As to Request No. 8, the motion is denied insofar as may seek an order altogether prohibiting production of these materials.  The motion is granted, however, because the request is overly broad and the requested materials on their face appear to include commercially sensitive information. Accordingly, **IT IS ORDERED** that Fab-Con must produce all materials responsive to this request that were effective during the time period one year before and after August 6, 2013, the date of the subject event.  In addition, all such materials may be produced by Fab-Con subject to the following protective order: All information produced in response to Request No. 8 must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any

one except parties to this litigation, the parties' counsel of record and experts retained in connection with this litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms.

As to Request No. 18, Fab-Con's objection that it is overly broad and unrestricted as to subject matter and time period is overruled. By its terms, this request is specifically limited to the specific occurrence occurring on August 6, 2013, that is the basis of the claims and defenses in this case. This express and specific limitation is enough.

Fab-Con's objections that materials responsive to Request No. 1 constitute "proprietary information" are overruled. By its terms, this request seeks nothing that bears even the appearance of commercially protectable information, but only that which is relevant to the accident and injury that are the basis of this lawsuit. Fab-Con has offered no evidence – or even any plausible unsupported reason – why these requested materials might require commercial protection in any way, and the court can conceive of none.

As to its work product and/or privilege objections to Requests Nos. 1 and 18, Fab-Con must produce all responsive materials, <u>except</u> any such materials that were prepared and/or transmitted by, for, to or from a lawyer for Fab-Con in connection with or in anticipation of this lawsuit and therefore may be privileged or work product. As to all materials being withheld from production by Fab-Con on these grounds, Fab-Con must

provide plaintiff with a full and complete privilege log identifying all such materials, together with proof necessary to substantiate any such claim, so that plaintiff may determine whether the objections are well-founded and, if not, whether a motion to compel and/or for sanctions might be appropriate.

**IT IS FURTHER ORDERED** that Fab-Con must provide plaintiff with all responsive materials ordered herein, together with the required privilege log and evidence as set out above, no later than **January 26, 2014**.

New Orleans, Louisiana, this \_\_\_\_12th\_\_\_\_ day of January, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE